IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-247 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| TEXAS A&M UNIVERSITY, GALVESTON | § | |

## OPINION AND ORDER

Before the Court are "Plaintiff's Motion to Remand" and "Plaintiff's Motion for Rule 11 Santctions (sic) against the Defendants" filed by Plaintiff, Radoslav Dimitric, on May 21, 2007. On May 25, 2007, pursuant to an Order of this Court, the Defendants filed their responses to the Motions. Having carefully considered the Parties' submissions, the Court now issues this Opinion and Order.

Dimitric originally filed the instant action on April 25, 2006, in the 405th Judicial District Court of Galveston County, Texas, against the Texas Workforce Commission and Texas A&M University seeking *de novo* review of the denial of his application for unemployment benefits following his termination from his Assistant Professor position at Texas A&M University-Galveston. On March 27, 2007, Dimitric filed his Second Amended Complaint adding a slew of new Defendants and asserting a plethora of new claims, including claims under the First, Fourth, Fifth, Sixth and Fourteenth "amendments of the US Constitution." Dimitric sent a Certificate of Service regarding the Second Amended Complaint to defense counsel by e:mail, but he did not attach a copy of the pleading itself. In an e:mail response to an e:mail inquiry concerning the missing pleading, Dimitric informed defense counsel that "Due to a technical error. 'Plaintiff's

second amended complaint and additional defendants. Request for Jury trial.' was mailed only by certified mail, not yet by e:mail." The Second Amended Complaint was actually received by defense counsel on April 2, 2007. On April 27, 2007, the Defendants removed Dimitric's lawsuit to this Court on the basis of federal question jurisdiction. Dimitric now seeks an Order for Remand and Sanctions based upon his perception that the Defendants removal of this action was "in bad faith and contrary to law since majority of the claims and the said State cause are for the State to decide." Dimitric's Motions will be denied.

Dimitric's Second Amended Complaint clearly raised federal claims, thereby making his lawsuit removable. 28 U.S.C. § 1441(Any civil action founded on a claim under the Constitution of the United States shall be removable)   The Defendants, therefore, had 30 days from "receipt" of a copy of the Second Amended Complaint to perfect its removal. 28 U.S.C. § 1446(b); Caterpillar Inc. v. Lewis, 519 U.. 61, 68-69 (1996)   Since Dimitric failed to serve a copy of the Second Amended Complaint on defense counsel until April 2, 2007, the Defendants' removal on April 27, 2007, was both proper and timely.

It is, therefore, the **ORDER** of this Court that Dimitric's "Motion to Remand" (Instrument no. 8) is **DENIED**.

Dimitric's Motion for Sanctions is likewise without merit. His assertion of a single federal claim made his case removable despite the fact that most of his claims may have arisen under state law; the voluntary removal of the state law claims constitutes a waiver of Eleventh Amendment immunity. Lapides v. Board of Regents of University Systems of Georgia, 535 U.S. 613 (2002) The fact that a state court trial date of May 16, 2007, was lost is irrelevant; it was not the Defendants, but Dimitric, as master of his claims, who created the opportunity for removal and

any resultant consequences Dimitric believes he will suffer are of his own making. The Defendants were well within their rights to seek relief against Dimitric's federal claims in a federal forum and their removal is not subject to sanctions.

It is, therefore, the further **ORDER** of this Court that Dimitric's "Motion for Rule 11 Santctions against the Defendants" (Instrument no. 7) is **DENIED**.

For all of the foregoing reasons, it is the **ORDER** of this Court that Dimtiric's "Objections and Motion to Quash the Defendant's Removal of Civil Action No. 06CV0439 from State of Texas District Court for Galveston County, 405th Judicial District fo the US District Court, Galveston Division" (Instrument no. 3) is also **DENIED**.

**DONE** at Galveston, Texas, this      31st      day of May, 2007.

John R. Froeschner
United States Magistrate Judge