**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RADOSLAV DIMITRIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-07-0247 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| TEXAS A&M | § | |
| UNIVERSITY–GALVESTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This court has reviewed the Report and Recommendation of the United States Magistrate Judge signed on February 14, 2008 and made a *de novo* determination after considering the objections of both parties. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). Based on that determination, this court adopts the Memorandum and Recommendation as the order of this court, denying the motion to remand. The reasons are explained below.

**I.     Background**

Dimitric sued the Texas Workforce Commission ("TWC") and Texas A&M University–Galveston in Texas state court, alleging wrongful denial of unemployment benefits under the Texas Unemployment Compensation Act ("TUCA"), TEX. LAB. CODE § 201.001 *et seq.* He amended his complaint several times, adding as defendants Texas A&M University System, Texas A&M University, Marc Baca, Robert Gates, William Hearn, James

1

McCloy, Brad McGonagle, Janet Carlson, Karan Watson, Joseph Szucs, Jonathan Smith, Sam Martinez, Fred Olson, Jr., Jerry M. Brown and John Does 1-5 and alleging additional violations of the Age Discrimination in Employment Act, the Equal Pay Act, Title VII of the Civil Rights Act, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments. The defendants removed Dimitric's suit to federal court under 28 U.S.C. 1441(a). (Docket Entry No. 1).

The objections raise two issues. The first is whether the Magistrate Judge erroneously recommended denying Dimitric's motion for leave to file a summary judgment motion. Dimitric filed a motion for leave to file a summary judgment motion and to amend his complaint to add a claim for discrimination on the basis of his sex. (Docket Entry No. 20). The Magistrate Judge recommended granting Dimitric's motion to amend but denying Dimitric's motion for leave to file a summary judgment motion on the ground that leave of court to file a summary judgment motion is unnecessary. (Docket Entry No. 35). Dimitric has objected to the Magistrate Judge's order and requests this court to "reverse[] Magistrate Judge Froeschner's 'Order' of February 10, 2008 (Instrument 35) and allow Plaintiff to file his Motion for Summary Judgment." (Docket Entry No. 40 at 5).

The second issue is whether the Magistrate Judge erroneously recommended denying Dimitric's motion to remand his case and the TWC's motion to remand Dimitric's state-law claim seeking review of the TWC's administrative decision to deny him unemployment compensation benefits. Dimitric moved to remand his entire case, (Docket Entry No. 8); the defendants responded, (Docket Entry No. 9); and Dimitric replied, (Docket Entry No. 12).

**2**

The Magistrate Judge recommended a denial of the motion to remand. (Docket Entry No. 11). Dimitric filed a motion for reconsideration, (Docket Entry No. 15), which the Magistrate Judge recommended denying. (Docket Entry No. 21). The TWC filed a motion to remand Dimitric's TUCA claim and a supporting brief. (Docket Entry No. 16, 17). The Magistrate Judge ordered additional briefing from the parties on the issue, (Docket Entry No. 22); both parties submitted briefing, (Docket Entry Nos. 25, 26); and the Magistrate Judge recommended denying the motion to remand, (Docket Entry No. 36).

## II.     Dimitric's Motion for Leave to File a Summary Judgment Motion

Dimitric argues that the Magistrate Judge erred in denying his motion for leave to file a summary judgment motion and requests this court to allow him leave to file. The Magistrate Judge did not refuse to allow Dimitric to file his summary judgment motion. Rather, the Magistrate Judge denied Dimitric's motion for leave as unnecessary because no scheduling order has been entered and leave of court to file a dispositive motion was not required. It appears that Dimitric misunderstood the Magistrate Judge's order as denying him the ability to file the motion. This court agrees that Dimitric need not obtain leave to file his summary judgment motion, making his motion for leave moot. Dimitric may file his summary judgment motion.

## III.    The Motions to Remand

On June 12, 2007, the TWC filed a motion to remand Dimitric's TUCA claim and a supporting brief. (Docket Entry No. 16, 17). The TWC argued that the State of Texas has

given limited consent to be sued in state court in suits seeking review of TWC decisions under the TUCA. The TUCA states that "[a] party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission." TEX. LAB. CODE § 212.201 (2006). The TUCA also states:

> An action under this subchapter must be filed:
>
> > (1) in the county of the claimant's residence; or
> >
> > (2) if the claimant is not a resident of this state, in
> >
> > > (A) Travis County;
> > >
> > > (B) the county in this state in which the claimant's last employer has its principal place of business; or
> > >
> > > (C) the county of the claimant's last residence in this state.

TEX. LAB. CODE § 212.204 (2006). The TWC argued that under sections 212.201 and 212.204, "it is clear that the Texas Workforce Commission, as an agency of and part of the State, has not given its consent to be sued in federal court." (Docket Entry No. 17) at 3).

The Magistrate Judge ordered additional briefing from the parties on the remand issue. (Docket Entry No. 22). Both parties submitted briefing. (Docket Entry Nos. 25, 26). Relying on *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002), for the proposition that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter

(here of state law) in a federal forum," the Magistrate Judge recommended denying the motion to remand. (Docket Entry No. 36 at 4). Both parties have filed objections to the Magistrate Judge's report and recommendation. (Docket Entry Nos. 38, 45).

The TWC argues that the Magistrate Judge erred in finding that by removing Dimitric's "civil action brought in a State court" under 28 U.S.C. § 1441(a), the TWC waived its Eleventh Amendment immunity for the entire case, not just for Dimitric's federal-law claims. The TWC asserts that the defendants "clearly stated in the Notice of Removal that [the State of Texas] did not waive its Eleventh Amendment immunity and carefully distinguished between the action, or claim, brought against the State under the Texas Labor Code as opposed to other claims, or actions, brought against the State, which were being removed to federal court." (Docket Entry No. 38 at 2). Relying on *Federal Reserve Bank of Atlanta v. Atlanta Trust Co.*, 91 F.2d 283, 286 (5th Cir. 1937), the TWC contends that the term "civil action" in 28 U.S.C. § 1441 should be interpreted as "cause of action" or "claim," rather than "case" or "lawsuit." The TWC also argues that the Magistrate Judge erred in relying on *Meyers ex rel. Benzing v. State of Texas*, 410 F.3d 236, 242–43 (5th Cir. 2005), for the proposition that the voluntary invocation principle articulated in *Lapides* "applies generally to any private suit which a state removes to federal court." (Docket Entry No. 36 at 5). The TWC argues that it did not voluntarily invoke federal jurisdiction for Dimitric's state-law claim, but instead "specifically retained immunity in the removal." (*Id.* at 3). Lastly, the TWC argues that the Magistrate Judge erred in declining to remand Dimitric's

state-law claim as a separate and independent claim under 28 U.S.C. § 1441(c), which allows a federal court to "remand all matters in which State law predominates." Citing *Southwestern Bell Telephone Co. v. Public Utility Commission*, 571 S.W.2d 503, 511 (Tex. 1978), the TWC contends that Dimitric's TUCA claim is a separate and independent claim because it requires a different standard of review than his federal-law claims, and "claims requiring two different standards of review cannot be tried in the same case." (Docket Entry No. 38 at 4).

Dimitric argues that remand of his original petition is warranted because the defendants failed to satisfy the conditions for removal. (Docket Entry No. 45). Dimitric argues that the defendants' removal was filed over a year after they knew of his federal-law claims and therefore untimely. He also contends that the TWC and Marc Baca failed to sign the consent for removal. Dimitric also relies on the same objections that the TWC raised.

The Magistrate Judge found that the TWC attempted to "effect, in essence, a partial removal by contemporaneously limiting the scope of the removed action before this court." (Docket Entry No. 36 at 4). Title 28 U.S.C. § 1441(a) authorizes the removal of "a civil action brought in a State court." Citing *Dillon v. State of Mississippi Military Dept.*, 23 F.3d 915, 918–19 (5th Cir. 1994), the Magistrate Judge found that section 1441(a) does not support "a partial removal," but instead contemplates removal of an entire action, "not merely the discrete federal claims." (Docket Entry No. 36 at 4). The Magistrate Judge also rejected the TWC's argument that *Lapides* does not apply to this case, noting that the Fifth

Circuit has broadly interpreted *Lapides* to apply "generally to any private suit which a state removes to federal court" and not just to cases involving only state or federal claims.  (*Id.* at 5 (quoting *Meyers*, 410 F.3d at 242–43)).  Relying on *Lapides* and *Meyers*, the Magistrate Judge found that the TWC had waived its Eleventh Amendment immunity as to all Dimitric's claims by removing his case to federal court.  The Magistrate Judge also declined to remand Dimitric's TUCA claim under 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951), and *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 500 (5th Cir. 1984), the Magistrate Judge found that "a claim is not independent if it involves substantially the same facts" and determined that Dimitric's TUCA claim did not represent a separate and independent claim because it involved substantially the same facts as his federal-law claims.

By removing Dimitric's "civil action brought in a State court" under 28 U.S.C. § 1441(a), the TWC removed "the entirety of [the] case," and not "merely the discrete federal claims."  (Docket Entry No. 36 at 4).  The Fifth Circuit has held that removal under the general removal statute, 28 U.S.C. § 1441, and similar statutes, removes the "action." *Dillon*, 23 F.3d at 918  (citing *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980); *Nolan v. Boeing Co.*, 919 F.2d 1048, 1065 & n.9) (5th Cir. 1990));

*Arango*, 521 F.2d at 1376 & n.6 (finding that the phrase "civil actions" in "the remaining subsections of s 1441 denotes the entirety of the proceedings in question, not merely those aspects involving discrete federal claims or parties," and noting that judicial economy favors this interpretation so that the merits of claims may be litigated in a single proceeding); *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) (holding that when a federal officer exercises his prerogative under 28 U.S.C. § 1441 to remove any "civil action" commenced against him in state court, the entire case against all defendants, federal and non-federal, is removed to federal court). The TWC's attempt to limit *Dillon* to the Westfall Act relies on an overly limited reading of that case. The court based its holding that removal under the Westfall Act was a removal of the entire action, not specific claims, on the fact that the Westfall Act was like 28 U.S.C. § 1441 in providing for the removal of an "action or proceeding." 23 F.3d at 916, 918. In reaching this decision, the *Dillon* court reaffirmed its holding in *Arango* that "removal under the general removal statute, 28 U.S.C. § 1441, and other similar statutes, removes the action," not merely the federal claims. *Id.* at 918; *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3721 (1998) (noting that "the term 'civil action' has been construed broadly by the federal courts").

The TWC's reliance on *Federal Reserve Bank of Atlanta* is similarly misplaced. In that case, the Fifth Circuit addressed what constituted a "cause of action" to determine whether the statute of limitations barred the plaintiff's claims. 91 F.2d 283. The court did

not address the issue of removal or the definition of the term "civil action" in the context of removal statutes. The *Federal Reserve Bank of Atlanta* court's determination that a "cause of action . . . consists of the facts giving rise to the action" does not bear on the issue of whether removal of a "civil action" constitutes removal of the entire case or specific claims.

Under *Meyers* and *Lapides*, the TWC waived the State's Eleventh Amendment immunity by invoking the federal court's removal jurisdiction. The TWC attempts to distinguish *Meyers* and *Lapides* on the ground that the states in those cases "did a blanket removal, at first, and then subsequently alleged immunity," while in this case, the TWC "clearly, unequivocally, and specifically asserted its Eleventh Amendment immunity at the time of the removal and stated so in the removal documents." (Docket Entry No. 38 at 3). The TWC contends that it "did not voluntarily invoke federal jurisdiction" over Dimitric's state-law claims, but instead "specifically retained immunity in the removal." (*Id.* at 3). This argument is unpersuasive. By removing Dimitric's "civil action brought in a State court," the TWC removed Dimitric's entire case under 28 U.S.C. § 1441. This litigation conduct waived the state-court limit on the waiver of Eleventh Amendment immunity in the Texas Labor Code. The TWC's attempt to effect a qualified removal of only Dimitric's federal-law claims and to preserve its Eleventh Amendment immunity as to Dimitric's TUCA claim is unavailing. The Supreme Court addressed a similar situation in *Lapides*:

> [A]n interpretation of the Eleventh Amendment that finds waiver in the litigation context rests upon the Amendment's presumed recognition of the judicial need to avoid inconsistency, anomaly, and unfairness, and not upon a State's

> actual preference or desire, which might, after all, favor selective use of 'immunity' to achieve litigation advantages. The relevant 'clarity' here [as to the State's intent to waive its immunity] must focus on the litigation act the State takes that creates the waiver. And that act—removal—is clear.

*Lapides*, 535 U.S. at 620. (internal citation omitted). By removing Dimitric's civil action to federal court, the TWC waived its Eleventh Amendment immunity as to the entire case.

The TWC also argues that Dimitric's TUCA claim presents a "separate and independent claim or cause of action" that may be remanded in the discretion of the federal court because Dimitric's TUCA claim "is governed by the substantial evidence rule," while his federal-law claims are governed by a preponderance of the evidence standard. (Docket Entry No. 28 at 4). Relying on *Southwestern Bell Telephone Co.*, 571 S.W.2d 503, the TWC argues that "claims requiring two different standards of review cannot be tried in the same case." (*Id.* at 4).

The TWC cites no cases relying on *Southwestern Bell* for the proposition that claims requiring two different standards of review must be tried in separate cases. In *Southwestern Bell*, the Texas Supreme Court examined a statute outlining the scope of judicial review of Public Utility Commission orders and found that the statute was internally inconsistent because it mixed the substantial evidence and preponderance standards as applied to purely legal issues. The statute stated that "[a]ny party to a proceeding before the Commission is entitled to judicial review under the substantial evidence rule. The issue of confiscation shall be determined by a preponderance of the evidence." TEX. REV. CIV. STAT. art. 1446c, § 69

(repealed in 1995). Because the issue of "confiscation" was a legal question, the *Southwestern Bell* court found that it was "incongruous to speak of deciding as a fact from the preponderance of the evidence a question of law." 571 S.W.2d at 511. The court also determined that the statute was ambiguous because it did not specify whether review was limited to the agency record or, if not, whether the party seeking review could demand a jury trial. *Id.* Because the statute was "so inharmonious and conflicting as to be impossible of execution," the court declared the second sentence of the provision, which specified a preponderance standard of review for the issue of confiscation, to be "inoperative and void." *Id.* at 512. The court held that judicial review of Public Utility Commission would apply only the substantial evidence test and would be limited to the record made before the agency under the Texas Administrative Procedure Act.

Contrary to the TWC's argument, the *Southwestern Bell* court did not hold that claims requiring different standards of review must be tried in separate cases. The Texas Supreme Court's decision in *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504 (Tex. 1995) makes this clear. In *Garcia*, the court considered the validity of the Texas Workers' Compensation Act, which "provides for modified de novo review of some issues under a preponderance standard, and review of the remaining issues under the substantial evidence test." 893 S.W. 2d at 530. The court of appeals held that the different standards "constitutes an impermissible 'hybrid' system of judicial review" under *Southwestern Bell*. *Id.* The supreme court reversed, finding that although the Act required different standards

11

of review, it "does not establish an impermissible hybrid system of judicial review." *Id.* at 531.  Unlike the utilities act considered in *Southwestern Bell*, the Texas Workers' Compensation Act "clearly specifies certain factual issues to be reviewed under a preponderance standard, detailing the controlling procedures," and states that "[r]emaining factual issues are reviewed under the substantial evidence test." *Id.*  The *Garcia* court did not find that the Act, by requiring different standards of review, created such an unworkable system of judicial review that separate cases were necessary to examine the claims or that the statute was invalid.

Dimitric's TUCA claim does not constitute not a "separate and independent claim or cause of action" under 28 U.S.C. § 1441(c).  For remand to be proper, the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise nonremovable; and (4) a matter in which state law predominates. *Smith v. Amedisys Inc.*, 298 F.3d 434, 439 (5th Cir. 2002) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998)).  In *American Fire & Casualty Co v. Finn*, 341 U.S. 6, 12 (1951), the Supreme Court explained that "[t]he addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."  The *Finn* court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

*Id.* at 14.  Relying on *Finn*, the Fifth Circuit has held that "a claim is not independent if it involves substantially the same facts."  *Smith*, 298 F.3d at 440 (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996)).

Dimitric's TUCA claim involves substantially the same facts as his federal-law claims.  A court's *de novo* review of a TWC ruling "requires the court to determine whether there is substantial evidence to support the ruling of the agency."  *Elfer v. Tex. Workforce Comm'n*, 169 Fed.Appx. 378 (5th Cir. 2006) (citing *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986)).  In this case, *de novo* review of the TWC's decision to deny Dimitric unemployment benefits would require this court to determine whether there was substantial evidence to show that Dimitric was fired with cause and not because of a discriminatory animus. Dimitric's federal-law claims alleging discrimination involve substantially the same facts concerning his employment at Texas A&M University–Galveston and the reasons for the termination of that employment.  The TUCA claim and Dimitric's federal-law discrimination claims do not have such a "complete disassociation between the federally cognizable proceedings and those cognizable only in state courts" as to be "separate and independent" under 28 U.S.C. § 1441.  *Finn*, 341 U.S. at 12.

Lastly, the Magistrate Judge did not err in refusing to recommend a remand of Dimitric's entire case on the ground of improper removal.  Dimitric's initial complaint asserted only a state-law a claim for *de novo* review of the TWC's denial of unemployment benefits under TUCA. He alleged that the TWC's final determination was legally erroneous,

13

arbitrary, and capricious. He subsequently amended his complaint to add federal claims for violations of the Age Discrimination in Employment Act, the Equal Pay Act, Title VII of the Civil Rights Act, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments. On March 26, 2007, Dimitric sent an e-mail to defense counsel that included five case-related documents: (1) Dimitric's designation of expert witnesses; (2) the certificate of service for his expert witness designation; (3) the certificate of service for his second amended complaint; (4) his response to the defendants' motion for sanctions; and (5) the certificate of service for his response to the sanctions motion. (Docket Entry No. 9, Exs. B, C). Although the e-mail included the certificate of service for Dimitric's second amended complaint, Dimitric informed the defendants that he had mailed his second amended complaint by certified mail, not by e-mail. (*Id.*, Ex. E). The defendants timely removed the case to federal court on the basis of federal question jurisdiction on April 27, 2007 after receiving a copy of Dimitric's amended complaint through post mail on April 2, 2007. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements . . . may remove the

case to federal court within 30 days of receiving such information."). The removal petition was duly signed by defense counsel for all the defendants.

## IV. Conclusion

Dimitric may file a summary judgment motion. The motion to remand is denied.

SIGNED on March 11, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge