IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. G-07-0247 |
| TEXAS WORKFORCE COMMISSION, TEXAS A&M UNIVERSITY–GALVESTON, *et al.*, | § § § § § | |
| Defendants. | § § | |

## ORDER

Plaintiff, Radoslav Dimitric, has moved to subpoena documents and material things from the Galveston AIDS Foundation. Dimitric seeks a list of all financial contributions by "any and all the defendants, their employees, and affiliates in the period 2000 to 2008 inclusive," with the "name, date, and amount of separate donors." The basis of the request is that "a wife" of Magistrate Judge Froeschner is "in charge for Galveston AIDS Foundation." (Docket Entry No. 76). Judge Froeschner has recused from ruling on this motion. The defendants have responded opposing the motion as irrelevant and improper.

The plaintiff has not presented any basis that would justify the discovery he seeks. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Rule 26(c) governs the issuance of protective orders. It provides that a "court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Additionally, parties who issue and serve a subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Rule 45(c)(1) provides that the "issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Whether a subpoena imposes undue burden generally raises a question of the subpoena's reasonableness, which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed.1995).

A motion to quash or modify a subpoena under Rule 45(c)(3) may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. The defendants fall into this category.

The discovery the plaintiff seeks does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1). In addition, the discovery is broad and unduly burdensome. It seeks information about every defendants' charitable donations. The charge the plaintiff has made, that the defendants in this case have made financial contributions to individuals or entities related to Magistrate Judge Froeschner, is serious, but it is speculative and not supported by the information presented to this court.

The motion to issue the subpoena is denied. The response in opposition is granted.

SIGNED on June 30, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge