IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RADOSLAV DIMITRIC § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-247 |
| § | |
| TEXAS WORKFORCE COMMISSION, § | |
| TEXAS A&M UNIVERSITY-GALVESTON, § | |
| ET AL. § | |

## ORDER

Before the Court is Plaintiff Radoslav Dimitric's "Motion For Defendants to Complete the Record Or Court to Order Same" (Docket Entry ("Doc.") No. 121) and Defendants' Response in Opposition. (Doc. No. 128). In his Motion, Plaintiff contends that when this action was removed from state court on May 1, 2007, Defendants "did not and have not since produced a certified copy of the record before removal." (Doc. No. 121 at 2). Defendants counter that they had no such requirement. When a case is removed from state court, section 1446 dictates the procedures that a defendant must follow. 28 U.S.C. § 1446 (West 2008). This statutory provision does not require a defendant to file a certified copy of the record. *Id.* Nor is there any such requirement in the Local Rules. *See* Local Rules of the United States District Court for the Southern District of Texas, Rule 81. Plaintiff also contends that a complete record is required as a "matter of procedure" because he has filed an interlocutory appeal with the Fifth Circuit Court of Appeals, however, Plaintiff not only cites no support for his assertion, but his interlocutory appeal has since been dismissed. To the extent Plaintiff believed any "pre-removal" document, which was not otherwise before the Court, was necessary, he could have and should have supplemented the record. Accordingly, for the reasons discussed, the Court finds no basis to compel Defendants to supply a certified copy of the state court record, nor does the Court find ample basis exists upon which to order the state court to provide it with a certified copy of the state court record. The Court, therefore, **DENIES** Plaintiff's Motion (Doc. No. 121).

Also before the Court are the following motions filed by Plaintiff: "Plaintiff's Motion to Compel Defendants' Production of Documents and Material Things" (Doc. No. 75), "Plaintiff's Motion for Court to Compel Defendants to Produce Complete Deposition Transcripts and Video Records" (Doc. No. 123), and "Plaintiff's Motion for Court to Stay Proceedings and Extend Plaintiff's time to Respond to Defendant's [sic] Motions for Summary Judgment By at Least 15 days. Plaintiff's Motion for the Court to Shorten Time to Rule on the Same." (Doc. No. 124). In each of Plaintiff's Motions, he seeks an Order from the Court compelling Defendants to provide him copies of the following documents or materials: (1) copies of all the documents that Plaintiff provided to Defense counsel either during or immediately before Plaintiff deposed Defendants in cause number 3:06-CV-107; (2) copies of the transcripts from the depositions Plaintiff took in cause number 3:06-CV-107; and (3) a copy of the video and/or audio recordings of the depositions Plaintiff took of Defendants in cause number 3:06-CV-107. Defendants have filed Responses to Plaintiff's respective motions objecting on the basis that these documents were and are equally available to Plaintiff through the court reporting service who took the record in cause number 3:06-CV-107. (Doc. Nos. 89 & 128). After carefully considering the motions and responses, the Court is of the opinion that Plaintiff's request are without merit and, therefore, Plaintiff's Motions (Doc. Nos. 75, 123, & 124) are hereby **DENIED**.

**IT IS SO ORDERED.**

**DONE** at Houston, Texas, this ___19th___ day of December, 2008.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE