IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RADOSLAV DIMITRIC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-247 |
| § | |
| TEXAS WORKFORCE COMMISSION, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

In this suit filed by Radoslav Dimitric against the Texas Workforce Commission, Texas A&M University - Galveston, and numerous individual defendants, this court has reviewed the Report and Recommendation of the United States Magistrate Judge signed on December 11, 2008, the plaintiff's numerous objections and motions, the record, and the applicable law. Based on this review, this court has made a *de novo* determination of the Magistrate Judge's recommended disposition. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989).[1]

In the Report and Recommendation, the Magistrate Judge analyzed whether the

---

[1] The plaintiff includes in his objections to the Magistrate Judge's report and recommendation a motion to consider and rule de novo on his response to the second supplemental summary judgment motion. Docket Entry No. 143. This is similar to Docket Entry No. 141, which set out objections to the Magistrate Judge's reports and recommendations in Docket Entries No. 73, 120, 126, 130, and 134 and moved this court to rule de novo on plaintiff's motions. This court has ruled de novo on the parties' motions; this aspect of the plaintiff's motions is moot. The objections are overruled.

plaintiff's prior unsuccessful suit – *Dimitric v. Texas A&M University, et al.*, Civil Action No. G:06-cv-107 (S.D. Tex.) – filed against many of the same defendants sued in this case and arising out of the same events that are the basis of this case, precluded the plaintiff from pursuing the claims he raised in this case. In ruling on the defendants' second supplemental motion for summary judgment, Docket Entries Nos. 80 and 82, the Magistrate Judge properly analyzed the parties, claims, issues, and rulings in the prior case and its relationship to this case. This court finds that the magistrate judge's rulings are supported by the record and correctly apply the governing law. The plaintiff's objections, Docket Entry No. 143, are overruled. This court adopts the Report and Recommendation as this court's Memorandum and Order, granting the defendants' second supplemental motion for summary judgment in part and denying it in part. As a result, all parties are dismissed, with prejudice, except for Jerry Brown and Dr. Jonathan Smith. As to these defendants, the remaining claims are defamation under Texas law; a violation of the Older Workers' Benefit Act, Pub. L. 101-433, 29 U.S.C. §§ 623, 626, 630(f); a claim under 29 U.S.C. § 626; and a claim under the "State of Texas Equivalent" to Title VII, Tex. Labor Code § 21.001 *et seq.* (Vernon 2006).

Dimitric has also attached to his objections to the earlier reports and recommendations two exhibits that are motions seeking the removal of Magistrate Judge Froeschner from this case. (Docket Entry No. 141). These motions, filed in the present case on January 5, 2009, appear to be a copy of motions filed in Civil Action No. G:06-cv-107 on September 24, 2007 and on February 26, 2008. The plaintiff's current objections to the Magistrate Judge's Report and Recommendation include a challenge to his impartiality. (Docket Entry No.

143). These objections to Judge Froeschner's failure to recuse are denied. There is no basis for recusal disclosed in this record. Recusal is proper if the court determines that a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Sao Paulo State of Federative Republic of Braz. v. Am. Tobacco, Co.,* 535 U.S. 229, 232-33, 122 S.Ct. 1290, 152 L.Ed.2d 346 (2002). "Th[e] recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Trevino v. Johnson,* 168 F.3d 173, 178 (5th Cir.1999) (citation omitted). None of the grounds for recusal under 28 U.S.C. § 455(a) or (b) are shown in this record. There is no reasonable factual basis for calling the judge's impartiality into question. *See United States v. Avilez-Reyes,* 160 F.3d 258, 259 (5th Cir. 1998). From an objective, reasonable person standard, no bias exists. *See Phillips v. Joint Legisl. Comm.,* 637 F.2d 1014, 1019 (5th Cir. 1981); *Avilez-Reyes,* 160 F.3d at 259 ("The standard by which we judge recusal is an objective one."). There is no appearance of partiality, much less the existence of *actual* partiality. *United States v. Jordan,* 49 F.3d 152, 155 (5th Cir. 1995). There is no basis to require recusal in this case.

The adoption of the Magistrate Judge's Report and Recommendation leads to the grant in part and denial in part of the defendants' second supplemental summary judgment motion, Docket Entries No. 80 and 82, and the overruling of the plaintiff's objections, Docket Entry No. 143.

SIGNED on January 27, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge