### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| RADOSLAV DIMITRIC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-0247 |
| § | |
| TEXAS WORKFORCE COMMISSION, § | |
| *et al.*, § | |
| Defendants. § | |

### ORDER

This court entered final judgment and dismissed this action on March 13, 2009. The plaintiff, Radoslav Dimitric, filed his notice of appeal on April 10, 2009. (Docket Entry No. 166). The Clerk of Court notified Dimitric that he was required to pay the filing fee for the appeal or request an application to proceed *in forma pauperis*. In response to the clerk's notice, Dimitric filed a "Motion for Application of State Statute To Payment of Fees and Request For Explanation." (Docket Entry No. 170). In his motion, Dimitric directs the court's attention to Texas Labor Code section 207.007 and asserts that, under the statute, he is relieved of paying the $455.00 appellate filing fee.[1]

The Texas Labor Code provides that "an individual claiming benefits under [the Texas Unemployment Compensation Act ("TUCA")] may not be charged a fee in a proceeding under this subtitle by . . . (2) a court or an officer of a court."  TEXAS LABOR CODE

---

[1] On May 15, 2009, Dimitric paid the $455.00 appellate filing fee.

1

§207.007(a)(2) (Vernon 2006). Texas appellate courts have held that a court is not permitted to impose on an appellant the cost of an appeal if it is brought from a proceeding under the TUCA. *Texas Employment Comm'n v. Tates*, 769 S.W.2d 290, 293 (Tex. App.–Amarillo 1989, no writ) (interpreting Article 5221b-13(b), which is the predecessor statute to section 207.007); *see also Olivares v. Texas Employment Comm'n*, 1998 WL 34287032, at *1 (Tex. App.–Corpus Christi 1998, no writ) (section 207.007(a)(2) prohibits charging the cost of an appeal of a proceeding under the TUCA); *Texas Employment Comm'n v. Scoville*, 1997 WL 136658, at *1 (Tex. App.–San Antonio 1997, writ denied) (same). The courts in these cases only addressed an appeal from a trial court's denial of a claim that unemployment benefits were wrongfully denied. The courts in those cases did not address whether the statute applied to exempt an individual, such as Dimitric, from paying the appellate filing fee in an appeal not only from the trial court's rejection of a claim that the Texas Workforce Commission (TWC) wrongfully denied him unemployment benefits, but also from numerous other trial court rulings on many other claims.

One court has addressed a similar set of facts. In *Burton v. Texas Employment Comm'n*, 743 S.W.2d 690 (Tex. App.–El Paso 1987, writ denied), the plaintiff was fired for insubordination and sought unemployment compensation benefits. The Texas Employment Commission (TEC) denied the plaintiff benefits because it determined that her actions constituted misconduct. After the TEC decision became final, the plaintiff sued the TEC in state court under the TUCA, alleging that she was wrongfully denied unemployment compensation benefits. The plaintiff later amended her complaint to add a claim for

wrongful discharge against her former employer. The trial court granted summary judgment dismissing the plaintiff's claims that she was wrongfully denied unemployment compensation benefits by the TEC and that she was wrongfully discharged by her employer. The plaintiff appealed the trial court's rulings on both issues. Relying on article 5221b-13(b),[2] the plaintiff insisted that she was not required to post a bond, make a cash deposit, or file an affidavit in lieu of a bond. The appellate court disagreed. The court held that article 5221b-13(b) applied only to "proceeding[s] under this Act" and that the appeal from the ruling on the wrongful termination claim did not fall within this provision. The court concluded that even though the plaintiff was also appealing the trial court's rejection of her claim for wrongfully denied unemployment benefits, she was not exempt from posting bond, making a cash deposit, or filing an affidavit in order to perfect her appeal of the wrongful termination claim. *Id*. at 691.

When Dimitric first sued in state court, he only asserted a claim that the Texas Workforce Commission erroneously denied him unemployment compensation benefits. As in *Burton*, Dimitric amended his complaint several times to add claims against parties other than the TWC. Dimitric sued his former employer, Texas A&M University - Galveston, as well as individual employees of the institution. Dimitric raised claims that are unrelated to his claim that he was wrongfully denied unemployment benefits. As in *Burton*, Dimitric appeals not only the adverse determination of his claim for unemployment compensation

---

[2] Article 5221b-13(b) provides "No individual claiming benefits shall be charged fees of any kind in any proceeding under the Act . . . by any court or any officer thereof." TEX. CIV. STATUTES art. 5221b-13 (Vernon 1992).

benefits. He also appeals the adverse rulings on other issues, claims, and parties, unrelated to the claim for unemployment compensation benefits. The appeal of those issues, claims, and parties is not a " proceeding under this subtitle" covered by section 207.007. As in *Burton*,[3] under Texas law, Dimitric is not exempt from paying the appellate filing fee. Dimitric's motion, (Docket Entry No. 170), is denied.

        SIGNED on May 22, 2009, at Houston, Texas.

                                            Lee H. Rosenthal
                                         United States District Judge

---

[3] While *Burton* was decided based on article 5221b-13(b), that statute is similar to Texas Labor Code section 207.007.