**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| RADOSLAV DIMITRIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-247 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| *et al.*, | § | |
| Defendants. | § | |

**ORDER**

On June 3, 2009, the plaintiff, Radoslav Dimitric, filed a document entitled "Objection to Court Order (Instrument No. 171) and Motion to Reconsider."  (Docket Entry No. 173).  Dimitric asked this court to reconsider its determination that he is not exempt from paying the appellate court filing fee in this case.  Dimitric asserts that, in making its determination, this court erroneously stated that the Texas Workforce Commission ("TWC") was initially the only defendant he sued when, in fact, he also sued Texas A&M University ("TAMU").  This does not affect the result.  The Texas Labor Code requires that when the TWC is sued over a denial of unemployment compensation benefits, the employer is an indispensable party that must be named in the suit. TEXAS LABOR CODE §212.201 (Vernon 2006); *Brown v. Texas Employment Comm'n*, 801 S.W.2d 5, 8 (Tex. App.–Houston [14th Dist.] 1990, writ denied).  Dimitric also suggests that the "vast majority" of the case was in state court before removal.  This has no relevance to the court's determination that Dimitric is not exempt from paying the appellate court filing fee.

Dimitric argues that the court's "decisions (and now Plaintiff's appeal) are divided into two distinct sections, namely that concerning denial of unemployment benefits and the section that deals

1

with employment discrimination, defamation and related matters." (Doc. No. 173 at 2). Dimitric argues that, because this court dismissed the "latter section of the current action" based on a "(mis)application of the doctrines of collateral estoppel and res judicata," that opinion is a "duplicate to [case number] 3:06cv107," for which he has already paid the appellate filing fee. (*Id*. at 2-3). Dimitric argues that to require him to file an appellate filing fee in this case effectively amounts to requiring him to "pay double filing fee[s]." (*Id*. at 3). Dimitric's arguments lack merit. Absent consolidation, an appellant is required to pay the appellate filing fee in each case in which he appeals a final judgment. This action was not consolidated with Dimitric's previously filed complaint in Civil Action No. 3:06-CV-107. Dimitric is required to pay the appellate filing fee in the present case. Finally, while relegated to a footnote, Dimitric objects that the court has failed to rule upon his "Conditional motion for proceeding in forma pauperis and request for explanation," which he claims he sent to the Clerk's office for filing on or about May 13, 2009. (Doc. No. 173 at 2, fn. 1). A review of the docket sheet in this case reflects that no such motion has ever been filed with this court. Dimitric's objection on this basis is overruled.

Accordingly, Dimitric's objection and motion for reconsideration (Docket Entry No. 173) is denied.

SIGNED on June 15, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge