### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-247 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| *et al*., | § | |
| Defendants. | § | |

### ORDER

Plaintiff Radoslav Dimitric filed a notice of appeal on April 10, 2009 and paid the appellate filing fee. On June 26, 2009, he filed a "Motion for Proceeding In Forma Pauperis; for Court to Refund the Filing Fee and Related Expenses; Request for Explanation." (Docket Entry No. 178). Dimitric asks the court to refund the $455.00 appellate filing fee he paid, pay him related expenses in the amount of $25.42, and allow him to proceed *in forma pauperis*. Dimitric contends that when he submitted the check for the $455.00 appellate filing fee, he noted on the check that it was a "conditional payment" and submitted a motion to proceed *in forma pauperis*. Dimitric alleges that, while cashing the check for the appellate filing fees, the court "intentionally did not file" his motion for ifp status. (Docket Entry No. 178 at 2). Dimitric contends that he submitted another motion to proceed *in forma pauperis* dated May 30, 2009, but, once again, "this court intentionally did not file this motion." (*Id*. at 3). Dimitric's allegations that the Clerk of the Court did not perform the ministerial function of docketing motions are specious.

Dimitric's motion and exhibits, which includes the allegedly previously submitted unsigned motions, are not a sufficient basis for granting *in forma pauperis* status. 28 U.S.C. § 1915(a)(1).

1

Even assuming that the motion was sufficient, an additional reason exists for not permitting Dimitric to proceed *in forma pauperis* on appeal. "Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see also*, *Gonzalez v. Jupiter Communities L.L.C.*, 250 Fed. Appx. 8 (5th Cir. 2007) (applying § 1915(a)(3) to *pro se* plaintiff in an employment case); *Osborne v. SBC Disability Income Plan*, 143 Fed. Appx. 577, 578 (5th Cir. 2005) (same). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (quotation marks omitted). A movant must demonstrate the existence of a nonfrivolous issue for appeal. *See Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal *in forma pauperis* must be granted. *Howard*, 707 F.2d at 220 (citation omitted). The district court considers the pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In this case, Dimitric has not raised a nonfrivolous issue for appeal.

Dimitric's motion to proceed *in forma pauperis* on appeal, (Docket Entry No.178), is denied. Dimitric is instructed to pursue requests for further relief in this case with the Fifth Circuit Court of Appeals.

SIGNED on July 10, 2009, at Houston, Texas.

                                                Lee H. Rosenthal
                                           United States District Judge