IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-07-247 |
| TEXAS WORKFORCE COMMISSION, *et al*., | § § § | |
| Defendants. | § | |

**ORDER**

Plaintiff Radoslav Dimitric filed a notice of appeal on April 10, 2009 and paid the appellate filing fee. On August 3, 2009, Dimitric filed his "Objection to Court's Order, Instrument 179." (Docket Entry No. 180). "Instrument 179" is this court's July 10, 2009, order denying Dimitric's motion to proceed *in forma pauperis* on the ground that his motion was insufficient under 28 U.S.C. § 1915(a)(1) and his failure to raise a nonfrivolous issue for appeal. Dimitric objects and asserts that this order is "yet another cynical and unlawful pronouncement consistent with this [c]ourt's concerted effort to deprive Plaintiff of constitutional freedoms." (*Id*. at 2). Along with his objection, Dimitric provides the court with copies of emails that he previously sent to opposing counsel. The emails indicate that a motion for *in forma pauperis* was attached. (*Id*. at 4-5 of 7 or "Ex. 3066" & "Ex. 3067"). Although it is unclear what relief Dimitric seeks, he appears to be asking for reconsideration of the July 10, 2009 order.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 n. 1(5th Cir.2004). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend

judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* Dimitric's request, filed more than ten days after the court's order was entered, must be considered under Rule 60(b).

As a preliminary matter, once a party files a notice of appeal, as Dimitric has, a district court loses jurisdiction and cannot grant a Rule 60(b) motion. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, once "an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)") (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). A district court, however, has jurisdiction to consider and deny a Rule 60(b) motion filed after the notice of appeal. *Travelers*, 38 F.3d at 1407 n. 3.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED.R.CIV.P. 60(b) (1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743,

747 (5th Cir.1995) (citations omitted). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991).

Dimitric's request for relief from the court's July 10, 2009 order is not warranted under any of the five specified grounds. Nor is relief appropriate under Rule 60(b)(6). In support of his motion to reconsider, Dimitric provides the court with copies of emails he sent to opposing counsel as proof that he previously submitted his motions to proceed *in forma pauperis*. The docket maintained by the Clerk of Court does not reflect that Dimitric filed a motion to proceed *in forma pauperis* on dates that correspond to the emails he sent to opposing counsel. Second, the copies of the emails do not affect the grounds for the conclusion that Dimitric's request to proceed *in forma pauperis* on appeal should be denied because he failed to comply with §1915(a)(1) and failed to raise a nonfrivolous issue for appeal.

Dimitric has failed to provide a basis for relief from this court's July 10, 2009 order under Rule 60(b)(6). Dimitric's objection (Docket Entry No. 180), which the court construes as a Rule 60(b) motion to reconsider the July 10, 2009 order, is denied. Dimitric is instructed to pursue future requests for relief with the Fifth Circuit Court of Appeals, where his appeal is pending.

SIGNED on August 21, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3